# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9231 | **DATE** | Sept. 5, 2002 |
| **CASE TITLE** | Stephanie Benjamin-Coleman | v | Praxair, Inc. |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

**Memorandum opinion and order entered.**
**Accordingly, defendant's motion to stay pending arbitration is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | SEP - 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
SEP 6 2002

STEPHANIE BENJAMIN-COLEMAN, )
)
    Plaintiff, )
)
v. )  No. 01 C 9231
)
PRAXAIR, INC., )  Judge Robert W. Gettleman
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Plaintiff Stephanie Benjamin-Coleman has sued her former employer, defendant Praxair, Inc., alleging race and sex discrimination. Defendant has moved to stay the current proceedings pending arbitration. For the reasons set forth below, the motion is granted.

On May 23, 2000, plaintiff signed an agreement with defendant as part of her application for employment. This agreement included an arbitration clause that provides:

> I agree to pursue any dispute in connection with any future separation from employment by the Company promptly through binding arbitration pursuant to the rules of the American Arbitration Association before an arbitrator selected by the Company and me by striking from no more than three panels of arbitrators obtained from the Federal Mediation and Conciliation Service, or through such equivalent alternative dispute resolution procedure as the Company may designate, except as provided by express contract; I agree that to the extent permitted by law, this will be my sole and exclusive remedy for any such dispute.

Plaintiff was hired by defendant on June 1, 2000, as a Human Resource Manager in its North America Industrial Gases division. Plaintiff worked for defendant until December 8, 2000, when her employment was terminated. Plaintiff then filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging her termination was discriminatory. The EEOC



issued plaintiff a right to sue letter on August 31, 2001. On December 3, 2001, plaintiff filed a six-count complaint in this court alleging racially and sexually discriminatory conduct by defendant. All six counts were brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, with counts I and VI also brought under 42 U.S.C. § 1981.

On January 4, 2002, defendant filed a motion to dismiss and/or for judgment on the pleadings with respect to Counts II through V and the sections of Counts I and VI that were brought under Title VII. On January 4, 2002, defendant additionally filed an answer which included affirmative defenses in response to the counts not covered in the motion to dismiss. In its answer defendant asserts, as its third affirmative defense to Count I, "this court lacks jurisdiction to adjudicate the claims in Count I because Plaintiff is contractually obligated to resolve such claims through final and binding arbitration." A substantially similar claim is raised in defendant's third affirmative defense to Count VI.

On March 12, 2002, this court granted defendant's motion to dismiss the Title VII claims because they were not filed in a timely manner. On March 18, 2002, defendant moved to stay proceedings on the remaining claims pending arbitration.

## DISCUSSION

Defendant's motion to stay is based on the Federal Arbitration Act, 9 U.S.C. § 3, which directs the court to stay any proceeding referable to arbitration under any agreement in writing for such arbitration, upon application of one of the parties. Plaintiff agrees that there is a valid agreement providing for arbitration, and that her claims based on §1981 are arbitrable. Instead, she argues that defendant waived its contractual right to arbitrate by electing to proceed in this court.

Although the enforcement of arbitration agreements is favored by federal policy, the Federal Arbitration Act recognizes situations under which the agreements will not be upheld. St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Company, Inc., 969 F.2d 585, 587 (7th Cir. 1992)(citing 9 U.S.C. § 2; Shearson/American Express, Inc. v. McMahon, 482 U. S. 220, 225-26 (1987); Midwest Window Systems, Inc. v. Amcor Industries, Inc., 630 F.2d 535, 536 (7th Cir. 1980)). "Courts may refuse to enforce arbitration agreements on a number of grounds, and federal courts have consistently held that among those grounds is waiver of the right to arbitrate." Id. In St. Mary's Medical Center, the Seventh Circuit noted that the federal policy favoring enforcement of arbitration agreements does not manifest preference for arbitration over litigation, but rather recognizes an emphasis on upholding private contracts. Thus, waiver of the right to arbitrate should be treated the same as waiving any contractual right. Id. at 590.

A waiver may be express or implied. Id. Because there has been no express waiver by defendant, the court must determine whether a waiver may be implied from defendant's actions. Because there is no rigid rule as to what constitutes a waiver of the right to arbitrate, the court must examine the circumstances of each case and determine whether the alleged defaulting party has acted inconsistently with the right to arbitrate. Id. at 587-88.

The Seventh Circuit has held that a party's "election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate." Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir.1 995). This presumptive waiver "prevents parties from proceeding, 'either simultaneously or sequentially, in multiple forums. Selection of a forum in which to resolve a legal dispute

should be made at the earliest possible opportunity.'" Ernst & Young, LLP v. Baker O'Neal Holdings, Inc., 2001 WL 1397310 (S.D. Ind. 2001) (quoting Cabinetree, 50 F.3d at 390-91)).

In the instant case, plaintiff argues that by bringing its motion to dismiss the Title VII claims as untimely, defendant elected to proceed in this court rather than in arbitration. The court might agree if that motion stood alone, but it does not. At the same time that it filed its motion to dismiss, defendant also answered the §1981 counts, raising the arbitration clause as an affirmative defense, putting plaintiff on notice of its intent to seek arbitration. As noted in Cabinetree, the presumptive waiver arises in cases were the invocation of judicial process signifies an intent to proceed in court to the exclusion of arbitration. Cabinetree, 50 F.3d at 390-91. Defendant's actions in the instant case do not signify that intent.

It is true, as plaintiff argues, that by seeking a ruling on the motion to dismiss before moving to stay, defendant has engaged in a limited form of forum shopping, which the waiver doctrine is designed to prevent. Nonetheless, as Cabinetree makes clear, not every invocation of the judicial process signifies an intent to proceed in court to the exclusion of arbitration, id., and the facts of the instant case are a far cry from those in which the Seventh Circuit has upheld a waiver. For example, in St. Mary's, the plaintiff sued the defendant for breach of contract in July 1989. The defendant answered the complaint, without raising the contract's arbitration clause. Discovery proceeded for ten months. The defendant then moved to dismiss or for summary judgment, again failing to mention any arbitration provision. In April 1991 the court denied that motion. Then in May 1991, almost two years after suit was filed, defendant moved to stay pending arbitration. The district court concluded, and the appellate court agreed, that participating in the federal court proceeding for 10 months, including filing a motion for

summary judgment without mentioning arbitration until after it lost, amounted to an intent to proceed in federal court to the exclusion of arbitration.

In Cabinetree, the plaintiff filed suit in Wisconsin state court for breach of a distribution agreement in September 1993. The defendant removed the case to federal district court, and discovery ensued. In January 1994 a trial date of December 6, 1994 was set. During the course of discovery the plaintiff produced almost 2000 documents, while the defendant delayed responding to the plaintiff's discovery requests. On July 11, 1993, the defendant moved to stay pending arbitration. The district court denied the motion, and the Seventh Circuit affirmed, concluding that "[t]here is no plausible interpretation of the reason for the delay except that [defendant] initially decided to litigate its dispute with [plaintiff] in the federal district court, and then later, for reasons unknown and with no shadow of justification, [defendant] changed its mind and decided it would be better off in arbitration." Cabinetree, 50 F.3d at 391.

Unlike in St. Mary's Medical Center and Cabinetree, defendant in the instant case has never hidden its intentions to seek arbitration. At the same time it moved to dismiss the Title VII claims it raised arbitration as an affirmative defense to the § 1981 claims. Although defendant could have and, in this court's view, should have raised the arbitration issue prior to the motion to dismiss, the delay caused was minimal, and defendant moved to stay immediately upon receipt of the court's decision (which was favorable to defendant). No discovery had taken place, and at least one court has distinguished motions to dismiss from summary judgment motions, indicating that the latter waives the right to arbitrate while the former does not. See Sweater Bee by Banff Ltd. v. Manhattan Industries, Inc., 754 F.2d 457, 461 (2d Cir. 1995). As stated by the Second Circuit, "[a]lthough granting defendants' demand for arbitration at this point may be sanctioning

5

a less efficient means of resolving this dispute . . . neither efficiency nor judicial economy is the primary goal behind the arbitration act." <u>Rush v. Oppenheimer & Co.</u>, 779 F.2d 885, 891 (2d 1985).

Accordingly, for the reasons stated above, defendant's motion to stay pending arbitration is granted.

**ENTER:** **September 5, 2002**

Robert W. Gettleman
United States District Judge